UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

BAIJNATH AGIWAL,

                      Plaintiff,

- against -

HSBC MORTGAGE CORP. USA; UNUM
GROUP; US DEPT OF LABOR; U.S. EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION; NEW YORK STATE DIVISION
OF HUMAN RIGHTS,

                      Defendants.
------------------------------------------------------------X

**ORDER**
**09-CV-4795 (CBA)(LB)**

**AMON, United States District Judge:**

On October 25, 2009, plaintiff filed this *pro se* employment discrimination action pursuant to Title VII of the Civil Rights Act, 4 U.S.C. §§ 2000e *et seq*, ("Title VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634, and the Americans with Disabilities Act, 42 U.S.C. §§ 12112-12117, ("ADA"). On November 12, 2009, plaintiff submitted an amended complaint pursuant to the same Acts against the instant five defendants alleging that he was discharged because of race, color, religion, national origin, age and disability. The case shall proceed solely as to the amended complaint. Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. Plaintiff's claims against defendants U.S. Equal Employment Opportunity Commission ("EEOC"), the United States Department of Labor ("DOL") and the New York State Division of Human Rights ("DHR") are dismissed; plaintiff's amended complaint may proceed as to the remaining two defendants. The United States Marshals Service is directed to serve the summons and complaint upon defendants HSBC Mortgage Corporation and UNUM without prepayment of fees.

**Standard of Review**

Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The Court construes plaintiff's pleadings liberally particularly because they allege civil rights violations. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191 (2d Cir. 2008).

**Discussion**

Plaintiff has not alleged that he was an employee of or an applicant for employment with the EEOC, DHR, or the DOL, or that any of these entities discriminated against him. The EEOC and DHR are the entities who investigated his claims of discrimination against his employer, HSBC. DOL is named as a defendant but no claims against it are made in the Amended Complaint or its forty-two pages of attachments. See Fed. R. Civ. P. 8(a)(2) (a complaint must "contain ... a short and plain statement of the claim showing that the pleader is entitled to relief.") Nor were any of these defendants named in the administrative charge as a "discriminating party."[1]

Therefore, plaintiff has not stated an actionable claim for relief against these parties under Title VII, the ADA[2], or the ADEA[3]. Baba v. Warren Management Consultants, Inc., 882 F. Supp.

---

[1] Defendant UNUM Group was not identified as a discriminating party either. However, as the entity charged with administering HSBC's family and medical leave policies, the Court declines to dismiss it at this juncture.

[2] The Interpretive Guidance on Title I of the ADA, published by the Equal Employment Opportunity Commission ("EEOC"), establishes that the term "employer" is "to be given the same meaning under the ADA that [it is] given under Title VII." 56 Fed. Reg. 35,740 (1991) (to be codified at 29 C.F.R. § 1630, App.) (Interpretive Guidance on § 1630.2(a)-(f)). In addition, Title I of the ADA provides that the "powers, remedies and procedures" of Title VII shall apply to claims of discrimination under Title I of the ADA. 42 U.S.C. § 12117(a).

2

339, 342 (S.D.N.Y. 1995) (Title VII plaintiff has no cause of action against DHR absent allegation of an employment relationship between DHR and plaintiff), aff'd, 89 F.3d 826 (2d Cir. 1995), cert. denied, 519 U.S. 840 (1996); Peavey v. Polytechnic Institute of New York, 749 F. Supp. 58, 58-59 (E.D.N.Y.1990) (no claim against EEOC for Title VII plaintiff), aff'd, 940 F.2d 648 (2d Cir. 1991). Plaintiff's claims against the EEOC, DHR and the DOL are dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**Conclusion**

Accordingly, plaintiff's claims against the EEOC, DHR and the DOL are dismissed without prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii). No summons shall issue against these defendants. Plaintiff's claims may proceed as to the remaining two defendants. The Clerk of the Court is directed to issue a summons against defendants HSBC Mortgage Corporation and UNUM and the United States Marshals Service is directed to serve the amended complaint and this Order on these defendants without prepayment of fees. The case is referred to the Honorable Lois Bloom, United States Magistrate Judge for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/
CAROL BAGLEY AMON
United States Magistrate Judge

Dated: December 17, 2009
Brooklyn, New York

---

[3]Both the ADEA and Title VII are similar acts intended to eliminate discrimination in the workplace. Since both acts should be construed consistently, absent any allegation of an employment relationship between the plaintiff and a party, plaintiff fails to state a claim under the ADEA.

3