UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

BAIJNATH AGIWAL,

                Plaintiff,              **REPORT & RECOMMENDATION**
                                                      **09 CV 4795 (CBA)(LB)**

        -against-

HSBC MORTGAGE CORPORATION,
UNUM GROUP,

                Defendants.

-------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

      Plaintiff brings this *pro se* action, alleging violations of Title VII, the Americans with Disabilities Act, the Age Discrimination in Employment Act, and the Family and Medical Leave Act. (See Complaint, generally.) Plaintiff was ordered on several occasions to provide releases for his medical records and to appear for his deposition on a date certain. On each occasion, plaintiff was warned that if he failed to comply, I would recommend that his case should be dismissed. Despite these warnings, plaintiff has failed to execute the necessary releases and failed to appear for his deposition on July 29, 2010. Defendants request dismissal of this case. (Document 45.) For the following reasons, it is respectfully recommended that plaintiff's case should be dismissed pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v).

## BACKGROUND

**Plaintiff's Failure to Produce Medical Releases**

      The Court held an initial conference on May 5, 2010 and directed the parties to

make initial disclosures by June 4, 2010. (Document 31.) At the status conference on June 21, 2010, defendants' counsel informed the Court that plaintiff had not complied with the Court's initial disclosure Order. On June 24, 2010, the Court granted plaintiff an extension of time, to July 7, 2010, to produce initial disclosures, and further ordered plaintiff to provide releases for his medical records by this date. (Document 37.) The Court warned plaintiff in person at the status conference on June 21, 2010, and in its June 24, 2010 Order, that if he failed to comply with the Court's Orders, I would recommend that his case should be dismissed. (Document 37.)

Instead of complying with these Orders, plaintiff submitted a thirteen-page letter to the Court dated July 7, 2010 containing a number of interrogatories, which he claimed had to be answered before he could produce any discovery. (Document 38.) Plaintiff's letter also requested that I recuse myself from this case. (Id.) On July 14, 2010, plaintiff filed a second letter (eight pages in length), in essence claiming that the previous letter stayed his discovery obligations, that he needed more information from defendants before he appeared for his deposition on July 29, 2010, and that he would respond to defendants' interrogatories and document requests within 60 days, rather than the 30 days required by the federal rules. (Document 40.) Meanwhile, defendants moved to dismiss the case for plaintiff's failure to comply with discovery, or in the alternative to compel plaintiff to provide initial disclosures and medical releases by a date certain. (Document 39.)

By Order dated July 16, 2010 (document 41), I granted in part and denied in part defendants' motion and addressed both of plaintiff's letters. (Document 41.) The Order afforded plaintiff one last chance to comply with the Court's Orders, directing him to

bring to his deposition the names and addresses of all of his medical providers so that the parties could execute the necessary releases.[1] The Order explicitly warned plaintiff that this was his "FINAL" opportunity to comply with his discovery obligations, and that if he failed to appear at his deposition on July 29, 2010 with the names and addresses of the medical providers, I would recommend that his case should be dismissed. (Id.) Plaintiff failed to produce this information, despite being ordered to do so by the Court on three separate occasions, and despite being warned each time that failure to comply would result in dismissal.

**Plaintiff's Failure to Appear for His Deposition**

Plaintiff's deposition was scheduled for July 29, 2010. (Document 39.) The Court ordered plaintiff to timely appear for this deposition and warned plaintiff that if he did not timely appear for the deposition, that I would recommend that his case should be dismissed. (Document 41; see also Transcript of June 21, 2010 Status Conference, document 43, at 7:12-14.) On July 28, 2010, plaintiff filed a letter with the Court stating that he spoke to defendants' counsel by telephone the day before, and that the parties had agreed to cancel the July 29, 2010 deposition. (Document 44.) Defendants responded, stating that counsel never consented to adjourn the deposition and that plaintiff failed to appear. (Document 45.)

---

[1] This was the third time that the Court ordered plaintiff to provide releases for his medical records. (See document 41 at 3.)

## DISCUSSION

Under Federal Rule of Civil Procedure 37, the Court may dismiss the complaint for a party's failure to comply with a Court Order. See Fed. R. Civ. P. 37(b)(2)(A) ("[T]he court where the action is pending may issue further just orders. They may include the following: . . . (v) dismissing the action or proceeding in whole or in part."); see also Agiwal v. Mid Island Mortgage Corp., 555 F.3d 298 (2d Cir. 2009) (per curiam) (upholding the district court's dismissal of *pro se* plaintiff's case pursuant to Rule 37 where plaintiff failed to comply with the Court's orders); Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994) (The sanction of dismissal "may be imposed even against a plaintiff who is proceeding *pro se*, so long as warning has been given that noncompliance can result in dismissal."); Worldcom Network Servs., Inc. v. Metro Access, Inc. ., 205 F.R.D. 136, 143 (S.D.N.Y. 2002) ("sanctions are permissible under Rule 37(b)(2) when a party fails to comply with a court order, regardless of the reasons"). They may include the following: ... (v) dismissing the action or proceeding in whole or in part . . . .").

In particular, Rule 37 applies to a litigant's failure to appear for his or her deposition. See, e.g., Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759 (2d Cir. 1990) (affirming dismissal of action, pursuant to Fed. R. Civ. P. 37, for *pro se* plaintiff's refusal to appear at her deposition); Salahuddin v. Harris, 782 F.2d 1127 (2d Cir. 1986) (motion to dismiss for failure to participate in deposition is properly considered under Fed. R. Civ. P. 37).

In evaluating whether to dismiss pursuant to Fed. R. Civ. P. 37, the Court looks to

4

several factors: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of ... noncompliance." Agiwal, 555 F.3d at 302 -303. "Noncompliance with discovery orders is considered wilful when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control." Davidson v. Dean, 204 F.R.D. 251, 255 (S.D.N.Y. 2001) (quoting Baba v. Japan Travel Bureau, Int'l, Inc., 165 F.R.D. 398, 402-03 (S.D.N.Y. 1996), aff'd, 111 F.3d 2 (2d Cir.1997)).

Plaintiff's conduct in this case demonstrates a wilful disregard for the Orders of this Court. Plaintiff was ordered three separate times, both in person and in written Orders, to produce initial disclosures and releases for his medical records. Each of the Court's Orders detailed plaintiff's obligations and provided him with explicit warning that his case would be dismissed if he failed to comply. It has been nearly four months since plaintiff was first directed to produce this discovery, yet he has still failed to do so. Plaintiff was issued the same warnings regarding his obligation to appear at the July 29, 2010 deposition.

Each of the Court's Orders was followed by a letter from plaintiff explaining why he had unilaterally decided not to comply with that particular discovery Order. When ordered to exchange initial disclosures, plaintiff informed the Court that he would not produce any discovery himself until his own interrogatories were answered. (Document 38 at 7.) When directed to respond to discovery requests within 30 days of service,

5

plaintiff declared that he would respond within 60 days instead. (Document 40 at 7.) When directed to execute and return releases for his medical records, plaintiff waited until the day they were due to raise for the first time that he did not believe that medical records were necessary, and that in any event, defendant Unum should be the one to provide the records. (Document 38 at 11.) When noticed for his deposition, plaintiff (who had not made any initial disclosures or served any discovery requests at that point) waited two weeks, filed discovery demands with the Court, and declared that he would not attend his deposition until he received all of the information he requested. (Id. at 12.) When the Court ordered him to appear at the deposition, plaintiff waited until the day before he was to appear and represented to the Court that the parties had agreed to adjourn the deposition.

As an alternative to recommending dismissal of his case, the Court afforded plaintiff second and third chances to comply with its Orders. The Court has also accommodated a number of plaintiff's requests to adjourn or for extensions. (See documents 25, 28, 32, 37.) However, these accommodations did not effect plaintiff's compliance; they only delayed plaintiff's failure to comply. This repeated refusal to obey the Court's Orders should not be tolerated.

Plaintiff is no stranger to this Court, or to the discovery process in a Federal court case. In fact, the Second Circuit affirmed dismissal of plaintiff's previous case for failure to comply with the Court's discovery orders. See Agiwal v. Mid Island Mortgage Corp., 555 F.3d 298 (2d Cir. 2009) (per curiam). Plaintiff was given multiple chances to comply with his discovery obligations in this case. Likewise, he was given ample

warning of the consequences if he failed to comply. Nevertheless, plaintiff repeatedly flouted his obligations. Plaintiff's willful noncompliance with the Court's Orders should not be tolerated.

## CONCLUSION

Accordingly, it is respectfully recommended that plaintiff's case should be dismissed pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v).

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital District Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

/S/

LOIS BLOOM
United States Magistrate Judge

Dated: September 2, 2010
Brooklyn, New York